# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KIET C. MA,<br><br>      Plaintiff,<br><br>v.<br><br>JOHN E. POTTER,<br><br><br><br>      Defendant. | **MEMORANDUM DECISION and REPORT AND RECOMMENDATION**<br><br>Case No. 2:08-cv-00236-TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

District Judge Tena Campbell referred this case to the Magistrate Judge pursuant to 28 U.S.C § 636(b)(1)(B) calling for a report and recommendation for the proper resolution of dispositive matters.[1]  To date, Plaintiff Kiet C. Ma ("Ma") has not properly served Defendant John E. Potter ("Defendant") with the complaint.  The magistrate judge therefore recommends the case be dismissed.

Ma initially filed the complaint on April 10, 2008.[2]  A year later, Defendant had still not been served.[3]  Because Rule 4 of the Federal Rules of Civil Procedure requires that service of the summons and the complaint be made upon the defendant within 120 days after filing the complaint,[4] Ma was ordered to show cause why the case should not be dismissed for failure to prosecute because Defendant had still not been served.[5]

---

[1] Order of Reference, docket no. 12, filed August 21, 2008.

[2] Complaint, docket no. 3, filed April 10, 2008.

[3] Order to Show Cause, docket no. 13, filed April 6, 2009.

[4] Fed. R. Civ. P. 4.

[5] Order to Show Cause.

In response, Ma submitted a document on June 4, 2009 stating, in greater detail than the complaint, his grievances with his employer.[6] The court then gave Ma until August 10, 2009 to properly serve the defendant.[7] On August 8, 2009, Ma wrote a letter to the court, attaching tracking information from the United States Postal Service for a package sent to Washington, D.C.[8] In addition, on August 21, 2009, Ma submitted a certified mail return receipt showing that a package had been delivered to the U.S. Attorney's Office in Salt Lake City, Utah.[9] Neither of these submissions by Ma showed that Defendant was actually served with the complaint.

Then the magistrate judge issued an order extending the time for service through July 30, 2010.[10] The order explained that Fed. R. Civ. P. 4 is complicated and that it is challenging for a pro se party who is not familiar with its subtleties.[11] Additionally, the order explained that a party is only allowed a reasonable time to cure a lack of service when a United States government agency or employee is a party to the suit.[12] Ma was warned "Failure to serve the defendant by [July 30, 2010] will result in dismissal of the case."[13]

The complaint was filed on April 10, 2008. Ma has been given two extensions to complete service. The latest order extending the deadline for proper service expressly stated that failure to comply with the latest order would result in a dismissal of Ma's case.[14] It has been over two years since the complaint was filed and Defendant has still not been properly served.

---

[6] Docket no. 17, filed June 4, 2009.

[7] Order, docket no. 19, filed June 4, 2009.

[8] Docket no. 23, filed August 7, 2009.

[9] Docket no. 24, filed August 21, 2009.

[10] Order, docket no. 25, filed June 29, 2010.

[11] *Id.* at 2.

[12] *Id.*

[13] *Id.* at 3.

[14] *Id.*

Ma has been given a reasonable time to effect service, and his case should be dismissed for failure to complete service.

## RECOMMENDATION

This case should be dismissed for failure to provide service pursuant to Rule 4 of the Federal Rules of Civil Procedure.

## NOTICE TO PARTIES

Copies of this Report and Recommendation are being mailed to the parties, who are hereby notified that they have fourteen days after being served to serve and file written objections to this Report and Recommendation.[15]  The District Judge will make a de novo determination of the specific objections by the parties.  The District Judge may accept, reject, or modify this Report and Recommendation in whole or in part.  Further, the District Judge may also receive additional evidence on the matter or recommit the matter to the Magistrate Judge with instructions.

Dated September 7, 2010.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

---

[15] 28 U.S.C. § 636(b)(1) (2010).